JOB L. WORTHY *vs.* ELIAKIM W. CLAPP & another.

A promissory note, made to a wife in consideration of the sale by her husband of his interest in a partnership of which she furnished the pecuniary capital, is her separate property, and not attachable by trustee process against her husband, in the absence of fraud.

TRUSTEE PROCESS, dated November 12, 1866. Charles W. Grant and Francis G. Strickland, copartners under the firm of Grant & Strickland, were summoned as trustees of the defendants Clapp and John N. Howard, copartners under the firm of Clapp & Co., and filed an answer in the superior court, of which the following is the material part:

" The said trustees say that on or about November 1, 1866, they bought of Eliakim W. Clapp, who they believed at the time was or had been a partner with Howard under the name and firm of Clapp & Co., all the interest of said Eliakim and said firm in the partnership effects of said firm of Clapp & Co., and all said Eliakim's interest in the same, and, as payment for the goods and chattels thus purchased of said Clapp & Co. and said Eliakim, they gave their negotiable promisssory note for the sum of $430, payable to Mrs. Patience Clapp, wife of said Eliakim, or order, and payable, as they believe, on demand; that their said note to Mrs. Clapp was made payable to her upon the statement of said Eliakim, made at the time they gave the note, that all the money which had been put into said firm, or used therein, was his wife's money, furnished by her, and that she must have her rights protected, which said statement said trustees believed and now believe to have been the fact, and made their note payable to her as aforesaid. They deny that they had any goods, effects and credits of said defendants in their hands or possession at the time of said service on them, unless as above stated."

On this answer judgment was ordered charging the trustees and they appealed.

*H. B. Stevens,* for the plaintiff.

*N. T. Leonard,* for the trustees.

GRAY, J.   The promissory note made to Mrs. Clapp, by a partnership of which her husband was not a member, in consideration of a sale by him of the interests of himself and his firm in another partnership, the pecuniary capital of which is to be taken upon the answers of the trustees to have been furnished by her, was, under the existing statutes of the Commonwealth, her separate property, and, in the absence of fraud, could not be attached, by trustee process or otherwise, against her husband. Gen. Sts. *c.* 108, § 1.   *Chapman* v. *Williams,* 13 Gray, 416.   *Lora* v. *Davison,* 3 Allen, 131.   *Ames* v. *Foster,* Ib. 541.

*Trustees discharged.*